UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ANTONIO WOOD, | ) | |
| Petitioner, | ) | 3:06-cv-0476-JCM-VPC |
| vs. | ) | **ORDER** |
| E.K. MCDANIEL, *et al.*, | ) | |
| Respondents. | ) | |

On September 18, 2007, the court granted respondents' motion to dismiss the pro se petition for a writ of habeas corpus as untimely filed (docket #19). Judgment was entered on that same day (docket #20). Before the court is petitioner's motion for reconsideration (docket #21). Respondents oppose the motion (docket #24).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

Under Federal Rule of Civil Procedure 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3)

>fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Motions to reconsider are generally left to the discretion of the trial court. *See Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment must be filed no later than 10 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst*, 260 F.3d at 1044 (quoting *McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999)).

In the order of September 18, 2007, this court determined that petitioner's federal habeas corpus petition was untimely filed. The court also found that petitioner had failed to show that he was entitled to tolling of the statute of limitations as he had not alleged extraordinary circumstances beyond his control which kept him from timely filing his petition.

In the motion for reconsideration petitioner claims that he did show that he was prevented from filing a timely habeas petition due to counsel's ineffectiveness, in that counsel failed to investigate certain evidence before trial that would have proved his innocence. Petitioner essentially is realleging the same arguments made in his opposition to respondents' motion to dismiss. Petitioner's federal habeas corpus action was untimely filed. This court stated in its order of dismissal that petitioner's allegations that counsel failed to investigate evidence, that there was perjured testimony during trial, and his inability to access pharmacology literature were not sufficient to show that petitioner was prevented from filing a federal habeas corpus petition within the applicable time period. Petitioner has failed to make an adequate showing under either Rule 60(b) or 59(e) that this court's order dismissing the action should be reversed..

. . .

. . .

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration (docket #21) of this court's order dismissing the action is **DENIED**.

Dated this 14th day of July, 2008.

_____
UNITED STATES DISTRICT JUDGE